IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**DAVE MOLONY, et al.**,

    Plaintiffs,

v.

**CROOK COUNTY**,

    Defendant.

No. 3:05-cv-01467-MO

OPINION AND ORDER

**MOSMAN, J.**,

On May 27, 2011, the Ninth Circuit issued a memorandum decision [273] that affirmed the bulk of my attorney fee award to plaintiffs, but remanded with instructions to "award fees for the nine days leading up to the continued trial date, to the extent these fees would have been incurred regardless of the continuance and were not already awarded for time spent working during the nine days before the original trial date." On July 19, 2011, plaintiffs moved for a supplemental award of attorney fees [274]. I now grant in part their motion.

## DISCUSSION

Plaintiffs seek $46,276.00 for attorney fees incurred in the nine days leading up to the 2009 trial in this matter. They also seek $7,619 in post-remand fees incurred in order to obtain the

1 – OPINION AND ORDER

additional 2009 fees. Based upon my review of the bills plaintiff submitted both pre- and post-remand, I conclude that, as a threshold matter, the Ninth Circuit's test is satisfied for all of the 2009 fees now sought. Those fees would have been incurred whether or not the trial in this matter had been continued and they were not already awarded for work done before the 2008 trial date. I also reject defendant's argument that the post-remand fees are not recoverable because plaintiffs should have sat idly by, rather than seeking affirmative relief after the Ninth Circuit's decision. However, I accept defendant's argument that an across-the-board 15% fee reduction is appropriate for all of the fees plaintiffs now seek. The reasons for making that reduction from the fees I originally awarded in 2009 still apply, and my decision that such a reduction is appropriate was not disturbed on appeal. (Opinion & Order (#256)).

The remaining issue is the proper date for post-judgment interest on the different sets of fees awarded. Neither the Ninth Circuit's decision nor this opinion affects the validity of the $335,147.18 in fees and $7,461.93 in expenses that were included in the judgment of December 1, 2009. Therefore, the post-judgment interest on those fees, both federal and state, still applies as of December 1, 2009. *See Planned Parenthood of the Columbia/Willamette, Inc. v. Am. Coal. of Life Activists*, 518 F.3d 1013, 1018-19 (9th Cir. 2008). I agree with plaintiffs that the state law post-judgment interest on the fees for nine days of 2009 pre-trial work should likewise be retroactive to the date of the December 1, 2009, judgment. *See Young v. State of Oregon*, 212 P.3d 1258, 1264 (Or. 2009). However, retroactive application of the federal interest rate on those fees is not appropriate. *See Planned Parenthood of the Columbia/Willamette,* 518 F.3d at 1018-19. Therefore, for the 2009 pre-trial fees plaintiffs now seek, they may recover post-judgment interest at 9% per annum retroactively to December 1, 2009, but the 0.36% federal interest rate that applied in 2009 cannot be applied retroactively to that amount. And the fees for

work done after the remand cannot have either state law or federal post-judgment interest applied retroactively to 2009 because those fees were not even incurred until 2011.

## CONCLUSION

For the foregoing reasons, I GRANT IN PART and DENY IN PART plaintiffs' motion for supplemental judgment for attorney fees on remand [274]. The overall request of $53,895.50 is reduced by 15% for excessive hours billed and overlapping, duplicative work. Plaintiffs are awarded the fees previously awarded in the judgment of December 1, 2009 [261], bearing interest at the same rates from December 1, 2009.[1] For the nine 2009 pre-trial days, plaintiffs are awarded $39,334.60, bearing interest at 9% per annum retroactively to December 1, 2009, but bearing interest at the applicable federal interest rate beginning on the date the judgment on those fees enters. Lastly, plaintiffs are awarded fees incurred after the Ninth Circuit's remand in the amount of $6,476.58, bearing interest at the rate of 9% and the applicable federal rate beginning on the date the judgment on those fees enters. Plaintiffs are hereby directed to submit a proposed judgment in accordance with this opinion.

IT IS SO ORDERED.

DATED this   16th   day of September, 2011.

/s/ Michael W. Mosman    
MICHAEL W. MOSMAN  
United States District Court

---

[1] I note that this portion of the fees has apparently already been paid (Notice of Satisfaction (#282)).

3 – OPINION AND ORDER